

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 23, 1948

Hon. Geo. H. Sheppard,
Comptroller Public Accounts,
Austin, Texas

Opinion No. V-551

Re: The authority of the
Comptroller of Pub-
lic Accounts to
waive limitation of
time within which
claims for burial ex-
penses for deceased
widows of Confederate
Veterans must be pre-
sented.

Dear Sir:

Your request for an opinion upon the above titled
subject matter is as follows:

"This department is in receipt of a claim for
the issuance of mortuary warrant under Article
6227, R.C.S., for the burial expenses of a de-
ceased widow of a Confederate Veteran. The
claim and proof of death was not made to the
Comptroller within 40 days from the date of
the death of the pensioner. Because of the
claim not having been made within the 40-day
period this department has refused to issue
warrant. The question has arisen as to wheth-
er this department may waive the limitation in
Article 6227 and issue warrant in payment of
the mortuary claim where such claim and proof
of death is made and filed with this department
more than 40 days after the death of the pen-
sioner.

"The opinion written by J. V. Frnka, Assistant
Attorney General, addressed to Mr. C. H. Cav-
ness, State Auditor, covering the claim of Mrs.
S.S. Williams, a pensioner, under H.B. 701, 49th
Legislature, partially covers this point, how-
ever it is argued by the claimant that this op-
inion is off-set by the Case of Limestone County

vs. Robbins, 38 SW(2)580.  I shall thank you to advise me whether or not this department may waive the limitation and issue warrant as above mentioned."

Article 6227, as amended by the 48th Legislature, p. 187 (1943) contains the following:

"Whenever any pensioner who has been regularly placed upon the pension rolls under the provisions of this law relating thereto, shall die, and proof thereof shall be made to the Comptroller within forty (40) days from the date of such death by the affidavit of the doctor who attended the pensioner during the last illness, or the undertaker who conducted the funeral, or made arrangements therefor, the Comptroller shall issue a mortuary warrant for an amount not exceeding One Hundred ($100.00) Dollars payable out of the pension fund, in favor of the heirs or legal representatives of the deceased pensioner, or in favor of the person or persons owing the accounts . . . ."

It will be seen that the authority of the Comptroller to issue a warrant is limited to those cases where proof of death has been made to him within forty days from the date of such death.  It is familiar law that public officers have only such power or authority as shall be conferred upon them by law.  By this test the Comptroller has no authority or right in any event to issue his warrant in the absence of such proof of death required by the statute. This is jurisdictional and is condition precedent to issuing any warrant.  See Brand v. Conner & McRea, 78 S.W. 2d 712.

In Opinion No. O-6500 this office advised you as to this precise point saying:

"In view of the foregoing authorities, it is the opinion of this Department that the provisions of Article 6227 are mandatory and that the Comptroller of Public Accounts is not authorized to issue a warrant in payment of a mortuary claim when the claim is not presented within the forty day period; . . ."

We adhere to the rule announced in Opinion No. 0-6500 and hold that you are without authority to issue a warrant in payment of a mortuary claim under Article 6227 unless the proper proof thereof has been filed within the 40 days period of the statute.

The case of Limestone County v. Robbins, 38 S.W. 2d 580 mentioned by you has no bearing upon the present inquiry because in that the case the question of limitation as a defense was present and the Court specifically pointed out its pertinence saying:

> "The privilege possessed by a county to set up the statutes of limitation as a defense against a just debt emanates from the Legislature, and is subject to the legislative will. The statutes of limitation bar the holder of the debt from access to the courts, but the debt is not extinguished. The removal of the bar does not impose a new debt against the county, or involve the bestowal of a gratuity on the debt holder, but simply opens the way for the enforcement of the county's moral obligation to pay the old debt."

In the present case we have held that no cause of action ever existed in the situation before us. You may not issue the warrant because no valid claim has ever existed under the present law. You are bound by the law as enacted by the Legislature and have no authority to waive any of its requirements.

### SUMMARY

The Comptroller of Public Accounts is not authorized under Article 6227 of the Revised Civil Statutes as amended in 1943 to issue a warrant against the Mortuary Fund in favor of heirs where no proof as required by the Article was filed within the period of time therein provided.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ocie Speer_

Ocie Speer
Assistant

APPROVED:

_Price Daniel_
ATTORNEY GENERAL

OS:wb